RECEIVED
USDC CLERK, CHARLESTON, SC

2006 OCT 16  A 10: 12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT FOR SOUTH CAROLINA

| | |
|---|---|
| James Lynch, III, #244917, ) | C. A. No. 2:06-1186-JFA-RSC |
| Petitioner, ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| Richard Bazzle, Warden of ) Perry Correctional ) Institution; and Henry ) McMaster, Attorney General ) of South Carolina, ) | |
| Respondents. ) | |

This habeas corpus petition under 28 U.S.C. § 2254 filed April 21, 2006, by a state prisoner proceeding *pro se* and *in forma pauperis* is before the undersigned United States Magistrate Judge for a report and recommendation on the respondents' summary judgment motion filed on December 7, 2005.  28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

The Petitioner, James Lynch, III, is currently confined at the Perry Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for Greenville County.  Petitioner was indicted in the January 6, 1997, term of the Court of General Sessions for Greenville County for murder and burglary in the first degree, arising from the November 11, 1996, fatal stabbing of Pebble Jones.  The case proceeded to trial on October 27, 1997, before the Honorable Henry F. Floyd, Circuit Court Judge, and a jury.

1

Petitioner was represented by Rodney W. Richey, Esquire. On October 28, 1997, the jury found Petitioner guilty as charged. Judge Floyd sentenced Petitioner to life imprisonment for murder and life imprisonment, concurrent, for burglary in the first degree.

Petitioner filed a timely Notice of Intent to Appeal and an appeal was perfected on his behalf by Melody J. Brown, Esquire, of the South Carolina Office of Appellate Defense. On December 28, 1999, Brown filed a Final <u>Anders</u> Brief and Petition to be Relieved as Counsel, presenting the following issue for review:

> Whether the trial judge erred in admitting State Exhibits 7 and 8, photographs of the murder victim's wounds, when the prejudicial effect of the two views, front and back, of the stab wounds outweighed the possible probative value of the evidence, and the solicitor did not actually move the photographs into evidence.

On August 24, 2000, the South Carolina Supreme Court entered an order denying the petition to be relieved as counsel pursuant to <u>Anders v. California</u>, and directed the following issue be briefed by the parties.

> Did the trial judge err by allowing the State to amend the indictment for first degree burglary by changing the aggravating circumstance alleged?

Petitioner, through counsel Daniel T. Stacey, filed the Brief of Appellant on September 13, 2000.

On April 16, 2001, the South Carolina Supreme Court filed <u>State v. Lynch</u>, Op. No. 25281, in which the court affirmed

2

Petitioner's murder conviction, but reversed the conviction for first degree burglary, reasoning that the amendment to the first degree burglary indictment changed the nature of the offense charged.

Petitioner filed a state Application for Post-Conviction Relief ("PCR") dated October 23, 2001, in which he asserted the following claims:

> "1. Ineffective assistance of trial counsel.
>
>    A.   Trial counsel was ineffective for failing to object to trial Judge's erroneous jury charge on circumstantial evidence.
>
>    B.   Trial counsel was ineffective for failing to object to inadmissible fingerprint evidence.
>
>    C.   Trial counsel was ineffective for failing to object to improper comments by solicitor in closing argument."

On October 31, 2002, an evidentiary hearing in Petitioner's PCR was held before the Honorable John C. Few. Petitioner was present and represented by Scott Anderson, Esquire. Testifying for Petitioner was trial counsel Rodney Richey. Petitioner did not testify. On June 21, 2004, Judge Few filed an Order of Dismissal, denying and dismissing the APCR with prejudice. (App. pp. 389-395).

On December 13, 2004, a Petition for Writ of Certiorari was filed in the South Carolina Supreme Court, raising the following questions for review:

>   1. Was trial counsel ineffective for failing to object to inadmissible evidence of prior acts contained in petitioner's statement to police?
>
>   2. Was trial counsel ineffective for failing to object to the solicitor's closing remarks about the victim's character, which were calculated to arouse the passion and prejudice of the jury?

A Return to Petition for Writ of Certiorari was filed by Respondent on February 2, 2005. On March 13, 2006, the S.C. Supreme Court filed an Order denying the petition for writ of certiorari and the Remittitur was sent down on March 29, 2006.

On April 13, 2006, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 and presented the following grounds for relief:

> Ground One: "Ineffective assistance of counsel.
>
>   A. Trial counsel failed to object to erroneous jury charge on circumstantial evidence.
>
>   B. Trial counsel failed to object to admission of fingerprint evidence.
>
>   C. Trial counsel failed to object to solicitor's improper comments during State's closing argument."

The petitioner was provided a copy of the respondents' summary judgment motion on June 16, 2006, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On August 8, 2006, Petitioner filed a response to the summary judgment motion.

4

Hence it appears the matter is ready for consideration.

The record here contains the following materials:

1. Appendix;

4. Petition for Writ of Certiorari, dated December 13, 2004;

5. Return to Petition for Writ of Certiorari, dated February 2, 2005;

6. Order denying Petition for Writ of Certiorari, dated March 13, 2006;

7. Remittitur, dated March 29, 2006.

## STANDARD OF REVIEW

The present habeas corpus petition has a delivery date of April 13, 2006. Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. Lindh v. Murphy, 117 S.Ct. 2059 (1997). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

The first requirement has been explained by the United States Supreme Court in Williams v. Taylor, 120 S.Ct. 1495

(2000)(plurality opinion). Writing for a plurality of the Court, Justice O'Connor held that,

> ... § 2254(d)(1) places a new constraint on the power of a federal habeas corpus court to grant a state habeas petitioner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1) the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) 'was contrary to. . . clearly established federal law as determined by the Supreme Court of the United States,' or (2) 'involved an unreasonable application of . . . clearly established Federal law as determined by the Supreme Court of the United States.'

Id. at 1523 (O'Connor, J., concurring in judgment).

With respect to the "unreasonable application" clause, Justice O'Connor further explained that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 1522.

Additionally, a determination of a factual issue made by a state court shall be presumed correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). See also, Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000).

In sum, the AEDPA amendments exalt the role that a state court's decision plays in a habeas decision by specifically directing the federal court to make the state court decision the starting point of federal review; only if that decision deviates from the paradigm recited in § 2254(d) can a habeas court grant relief. A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.

## EXHAUSTION AND PROCEDURAL BAR

The exhaustion requirement set forth in 28 U.S.C. § 2254(b)[1], requires that "a habeas petitioner must fairly present

---

[1] The statute states in relevant part:
(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
   (A) the applicant has exhausted the remedies available in the courts of the State; or
   (B)(I) there is an absence of available State corrective process; or
   (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
   (2)  An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
   (3)  A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

his claim to the state's highest court." Baldwin V. Reese, 124 S. Ct 1347, 158 L.Ed.2d 64 (2004). The petitioner bears the burden of proving a ground for habeas relief has been exhausted because the exhaustion requirement, although not jurisdictional, is strictly enforced. Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), cert. denied, 118 S.Ct. 102 (1997).

However, when a petitioner has no further way to exhaust his unexhausted claims, he is not required to attempt to do so; his claims are deemed technically exhausted for habeas purposes. Matthews v. Evatt, 105 F. 3d 907 (4th Cir. 1997).

Although the claims are technically exhausted, they are nonetheless unreviewable here on the merits because an adequate and independent state law ground, state procedural bypass, is sufficient to uphold the petitioner's convictions. Harris v. Reed, 489 U.S. 255 (1989); Coleman v. Thompson, 501 U.S. 722, 735 (1991). Additionally if a petitioner fails to present a ground for decision, so the state court has nothing upon which to rule, that is a default barring review on the merits here as well. Coleman 501 U.S. at 735; Teague v. Lane, 489 U.S. 288 at 299 (1989). In other words, where the state court has not had the opportunity to apply its own procedural bar, the federal court will nevertheless bar the claim where application of the bar is

---

28 U.S.C. § 2254(b)(1)-(3),(c).

clear. Teague, 489 U.S. at 297-98; Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990).

Nonetheless, a petitioner may overcome the default by showing cause for the default and prejudice therefrom, or actual innocence. See, e.g., Harris v. Reed, 489 U.S. 255 (1989).

## DISCUSSION

A review of the record and relevant case law indicates that the petitioner is not entitled to habeas corpus relief.

In considering the threshold issue of exhaustion and procedural bypass, only issues raised in the direct appeal and issues raised in the first PCR and raised thereafter again in the petition for a writ of certiorari to the South Carolina Supreme Court are available for review here on the merits. The failure to raise a claim in the first state post-conviction petition as required by state law provides an adequate state procedural ground for denying federal habeas corpus relief. See, Murch v. Mottram, 409 U.S. 41, 93 S.Ct. 71, 34 L.Ed.2d 194 (1972); Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990), cert. denied, 499 U.S. 982, 111 S.Ct. 1639, 113 L.Ed.2d 734 (1991); Waye v. Murray, 884 F.2d 765 (4th Cir. 1989); Titcomb v. Virginia, 869 F.2d 780 (4th Cir.), cert. denied, 493 U.S. 843, 110 S.Ct. 133, 107 L.Ed.2d 93 (1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir.), cert. denied, 485 U.S. 1000, 108 S.Ct. 1459, 99 L.Ed.2d 690 (1988). Similarly, the failure to appeal or to assert a

9

claim in an appeal taken from the denial of the first state post-conviction petition, as required by state law, bars federal review absent cause and prejudice. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); see, Whitley v. Bair, 802 F.2d 1487 (4th Cir. 1986), cert. denied, 480 U.S. 951, 107 S.Ct. 1618, 94 L.Ed.2d 802 (1987).

Petitioner asserts in his sole ground before this court that his lawyer was constitutionally ineffective in three particulars. The first instance is, "A. Trial counsel failed to object to erroneous jury charge on circumstantial evidence." This claim was withdrawn at the PCR hearing. (App. p. 377, ll. 16-22). Petitioner does not have any state court remedies available to him in which to raise this claim again because any future PCR application would be barred as successive under § 17-27-90 and Aice v. State, 409 S.E.2d 392 (S.C. 1991), and untimely under the one-year statute of limitations which governs the filing of PCR actions, § 17-27-45(A). Therefore, the exhaustion requirement is technically satisfied. Matthews v. Evatt, 105 F. 3d 907 (4th Cir. 1997).

Although the claim is technically exhausted, the claim is nonetheless unreviewable here on the merits because an adequate and independent state law ground, state procedural bypass, is sufficient to uphold the petitioner's convictions. Harris v. Reed, 489 U.S. 255 (1989); Coleman v. Thompson, 501 U.S. 722, 735

10

(1991). Further the petitioner has not overcome the default by showing cause for the default and prejudice therefrom, or actual innocence. See, e.g., Harris v. Reed, 489 U.S. 255 (1989). No habeas relief is warranted.

The second particular is, "B. Trial counsel failed to object to admission of fingerprint evidence." This allegation is procedurally defaulted in state court by Petitioner's failure to raise it before the state supreme court on PCR appeal. Again, the issue is technically exhausted but procedurally defaulted. Further, the petitioner has not overcome the default by showing cause for the default and prejudice therefrom, or actual innocence. See, e.g., Harris v. Reed, 489 U.S. 255 (1989). No habeas relief is warranted.

The third particular is, "C. Trial counsel failed to object to solicitor's improper comments during State's closing argument." This allegation was found to be without merit by Judge Few at PCR and thereafter the S. C. Supreme Court denied certiorari on the question. This ground is exhausted and available for review by this court on the merits.

The portion of the solicitor's closing jury argument to which Petitioner claims his lawyer should have objected is as follows:

> [the victim] had lived to be about 32 years old. And she had a son living with her. And he was happy. And they were happy. And he was an excellent student. And she was a proud parent. And

11

>she kept to herself there in the neighborhood, but she knew her neighbors. And she was not a forcible person. She thought that there was good in everyone.

(App. p. 250, line 24 - p. 251, line 5).

Counsel testified at the PCR hearing that his trial strategy was to get only a manslaughter conviction rather than a murder verdict. He felt that objecting to the solicitor's closing argument would not be prudent because it could appear to the jury that he was speaking badly about a dead person. Additionally, he wanted to give the solicitor some latitude outside the record because he himself wished to comment on matters outside the record. (App. pp. 374-375). In his closing argument, trial counsel emphasized the relationship Petitioner shared with the victim and the deep feelings he had for her to support his position that Petitioner could not have murdered her. Those were also matters outside the record. (App. pp. 261-263).

The PCR court reviewed and correctly applied controlling Supreme Court precedent regarding constitutionally ineffective assistance of counsel, specifically Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). In Strictland, the United States Supreme Court adopted a two-prong test for use in determining whether a petitioner received adequate assistance of counsel within the mandates of the Sixth Amendment.

The first-prong of the test is competence: "First, the defendant must show that counsel's performance was deficient.

12

This requires showing that counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the sixth amendment." Id. at 687, 104 S.Ct. at 2064. In evaluating a claim of attorney incompetence, the court must indulge a strong presumption that counsel's conduct was within the wide-range of reasonable professional assistance. Id. at 689, 104 S.Ct. at 2065. Additionally, where an attorney made a tactical decision, Petitioner must present proof that the decision was so unreasonable that it amounted to a deprivation of an attorney who acted within the range of competence demanded of attorneys in criminal cases.

The second Strickland prong is prejudice: "The defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068 (1984).

The judge reasoned that counsel made a strategic decision not to object to the remarks and that counsel gave a valid reason for doing so. Therefore, Petitioner had not borne his burden before the state APCR court of proof of either Strickland prong and his claim was denied.

Here, the state court adjudication of this ineffective assistance of counsel claim was not based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. Further, it did not result in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Petitioner is not entitled to relief.

## CONCLUSION

Accordingly, only claim 1. C. was preserved for review here, and the state court adjudication of that claim was not based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding, nor did it result in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Therefore, Petitioner is not entitled to habeas relief.

It is recommended that the respondents' motion for summary judgment be granted and this matter ended.

Respectfully Submitted,

*/s/ Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

October 16, 2006

14

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
<u>&</u>
The **Serious Consequences** of a Failure to Do So

      The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

      During the ten-day period, <u>but</u> <u>not</u> <u>thereafter,</u> a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
