IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| James Lynch, III, #244917,            ) | Civil Action No. 2:06-1186-JFA-RSC |
| ) | |
| Petitioner,    ) | |
| vs.                                    ) | **ORDER** |
| ) | |
| Richard Bazzle, Warden of Perry    ) | |
| Correctional Institution; and Henry ) | |
| McMaster, Attorney General of South ) | |
| Carolina,                              ) | |
| Respondent.    ) | |
| _____ ) | |

The petitioner, James Lynch, is a state prisoner proceeding without the assistance of counsel, seeks habeas corpus relief under Title 28, United States Code, Section 2254. Lynch is presently incarcerated in the Perry Correctional Institution of the South Carolina Department of Corrections. The present petition was filed on April 13, 2006.

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("the Report") made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2) (D.S.C.).

> The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of

1

>   scrutiny entailed by the Court's review of the Report thus depends on whether
>   or not objections have been filed, in either case, the Court is free, after review,
>   to accept, reject, or modify any of the magistrate judge's findings or
>   recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The United States Magistrate Judge has filed a comprehensive Report and Recommendation suggesting that two of the three grounds in the petition have not been preserved for review and are procedurally defaulted. As to the remaining claim which was exhausted, the Magistrate Judge recommends that habeas relief be denied and that the respondents' motion for summary judgment be granted. The Report thoroughly summarizes the facts and procedural history of the petitioner's claims, and therefore such will not be repeated herein.

The petitioner was apprised of his right to file objections to the Report and Recommendation and has done so in a two-page memorandum entitled "Opposing Affidavit to the Respondent's Motion for Summary Judgment." In this document, the petitioner itemizes the facts of his state court conviction for murder. However, he fails to provide any specific objection to any portion of the Report. Accordingly, the defendant waives his right to a *de novo* review by this court.

As the Magistrate Judge notes in his Report, only issues raised in the direct appeal, the first post-conviction review and in a writ of certiorari to the state Supreme Court are available for review in the federal court. The failure to raise a claim in the first state post-

2

conviction petition as required by state law provides an adequate state procedural ground for denying federal habeas corpus relief. *Murch v. Mottram*, 409 U.S. 41 (1972). Similarly, the failure to appeal or assert a claim in an appeal taken from the denial of the first state post-conviction petition, as required by state law, bars federal review absent cause and prejudice. *Coleman v. Thompson*, 501 U.S. 722 (1991).

Petitioner's first ground that trial counsel failed to object to the erroneous jury charge on circumstantial evidence was withdrawn at the PCR hearing. Although the exhaustion requirement of this claim is technically satisfied, it is not reviewable here because an adequate and independent state law ground, state procedural bypass, is sufficient to uphold petitioner's convictions.

The second ground petitioner raises is that trial counsel failed to object to admission of fingerprint evidence. Petitioner failed to raise this issue before the South Carolina Supreme Court on appeal of his PCR. Thus, this ground is procedurally defaulted as well. In both claims, the petitioner has not overcome the default by showing cause for the default and prejudice therefrom, or actual innocence. *Harris v. Reed*, 489 U.S. 255 (1989).

The petitioner's third ground, that trial counsel failed to object to solicitor's improper comments during the State's closing argument,[1] was raised at the PCR and appellate level and is available for review by this court on the merits.

---

[1] The state PCR court found that counsel made a strategic decision not to object to the remarks made by the solicitor and that counsel gave a valid reason for doing so. Unable to prove either prong of the controlling Supreme Court precedent regarding constitutionally ineffective assistance of counsel, *Strickland v. Washington*, 466 U.S. 668 (1984), the PCR judge denied this claim. The South Carolina Supreme Court also denied the petition for writ of certiorari on this ground.

In his Report, the Magistrate Judge opines that the state court adjudication of this claim was not based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. Moreover, it did not result in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court. Thus, the Magistrate Judge suggests that petitioner is not entitled to relief.

In light of the standard set out above, the Court has reviewed the Report and the objections thereto, the record, and the applicable law. The court agrees with the recommendation of the Magistrate Judge and adopts and incorporates the Report into this order by reference.

It is therefore ordered that respondents' motion for summary judgment is granted and the petition is denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*
Joseph F. Anderson, Jr.

January 12, 2007
Columbia, South Carolina

United States District Judge